### GIDEON HICOCK *vs.* LAUCHLAN McKAY.

Upon B.'s agreement to credit A. a sum of money in consideration of value received from C., C. may sue.

ACTION OF CONTRACT upon the following agreements:

" Boston, Nov. 13, 1849.   This may certify that I agree to credit Mr. John Ayres on account which I have against him the sum of one thousand and sixty dollars, for which I have obtained of Mr. Gideon Hicock an indorsement on my note for the above amount.                                    L. McKay."

" New York, Nov. 13, 1849.   This may certify that I do farther agree to credit Mr. Ayres with the sum of five hundred and sixteen dollars on account, which I have against him ; for which I have obtained value from him said Mr. Hicock.

L. McKay."

At the trial in the superior court of Suffolk at March term 1857, the defendant objected that the action ought to have been brought in the name of Ayres.   For the purpose of settling this question, *Abbott,* J. sustained the objection.   The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*L. Mason,* for the plaintiff, cited *Bell* v. *Chaplain,* Hardr. 321 ; *Dutton* v. *Poole,* 1 Vent. 318, 332, T. Raym. 302, and 2 Lev. 210 ; *Lent* v. *Padelford,* 10 Mass. 230 ; *Felton* v. *Dickinson,* 10 Mass. 287 ; *Arnold* v. *Lyman,* 17 Mass. 400 ; *Carnegie* v. *Morrison,* 2 Met. 381 ; 2 Greenl. Ev. § 109, & cases cited ; 22 Amer. Jurist, 16–19 ; Vin. Ab. Actions, Z.

*A. H. Fiske,* for the defendant.   If the instruments declared on create or are evidence of any contracts whatever, those contracts are with John Ayres and not with the plaintiff.   Ayres was the person for whose account the payments were made, and he alone is to be credited therewith or benefited thereby.   No words are used, capable of being interpreted into a contract with the plaintiff.   He has made the indorsement or given the value, and there his interest in the transaction has ceased.

The case does not fall within the class of cases in which the

contract is made by one with another for the benefit of a third person, or money is paid by one to another for the use of a third person, and the action may be maintained by either, as in most of those cited by the plaintiff. See also *Mellen* v. *Whipple*, 1 Gray, 323; *Field* v. *Crawford*, 6 Gray, 116. In all such cases it appeared in the contract itself that the party with whom it was made or who paid the money had a direct interest in the contract or in the appropriation of the money, and would be injured by the breach of such contract or the misapplication of such money. That does not appear here.

The instruments do not create any contract whatever. They are mere receipts, or evidences of the payment of money which, although paid by Hicock, were payments on account of Ayres, and were so applied by law as soon as paid. Being payments, they can never be recovered back. A payment of a subsisting debt never creates an express or implied contract, but is only a discharge. *Marriott* v. *Hampton*, 7 T. R. 269, & notes in 2 Smith's Lead. Cas. *Loring* v. *Mansfield*, 17 Mass. 394. *Jordan* v. *Phelps*, 3 Cush. 548. *Forbes* v. *Appleton*, 5 Cush. 115. *Benson* v. *Monroe*, 7 Cush. 125.

The words " I agree to credit Mr. John Ayres," do not change the instrument from a receipt to a contract, and import no more than is implied in every receipt on account. If Ayres, in ignorance of these payments, has paid the defendant a second time, he can recover back the second payment, but the plaintiff has paid no money a second time and has sustained no injury. If the defendant has failed to apply the money to the credit of Ayres, the plaintiff's position is in no way changed.

By THE COURT. We are of opinion that the instruments produced by the plaintiff at the trial showed contracts between the plaintiff and the defendant. The consideration moved from the plaintiff, and the agreement to credit an equal amount to Ayres has no tendency to show that the agreement was for the benefit of Ayres and not of the plaintiff. No evidence of the relations of the parties was introduced, and the case turns simply upon the construction of the written contract. It is not a

question for whose benefit, but to whom the promise was made. And the consideration of the contract, as well as the whole form of the instruments, shows that it was with the plaintiff.

*Exceptions sustained.*